McKinney, J.,
delivered the opinion of the Court.
This was an action on the case brought by the defendant in error, against the plaintiff in error, and three others, for the abduction and concealment for the period of one month, of his two infánt daughters.
The jury rendered a verdict against the defendants, jointly, for twenty thousand dollars damages. The defendants moved for a new trial. Upon the argument of said motion, the Judge stated “ that he would grant a new trial unless the plaintiff would remit two-thirds of said verdict; and the ' plaintiff thereupon remitted • two-thirds of said verdict, and the Court ordered the verdict to stand for $6666 66, and refused to grant a new trial,” and rendered judgment against ' the defendants jointly, for that sum.
Erom which judgment the defendant, Branch, alone, appealed in error to this Court.
There is a bill of exceptions, containing the evidence submitted to the jury on the trial; from which it seems, if the testimony is credited, to be a case of no ordinary .[.urpitude and aggravation, on the part of the defendants. *368 But for tbe purpose for which the case is brought to this Court, it does not become necessary to notice the proof particularly. We are not called upon to say whether, in our judgment, in view of all the circumstances of the case, the damages were so excessive as to demand that the verdict should, for that reason alone, have been set aside altogether.
And it is not seriously pressed, in argument here, that the sum to which the damages were remitted, is disproportioned to the nature and extent of the injury complained of, if the character, motives, and conduct of the defendants were really such as the jury, in their view of the evidence, seem to have believed. And upon this point, we need only remark, that if the plaintiif were entitled to a recovery at all — and this question is concluded by the verdict — the amount of damages to which the verdict was released, was in our opinion, by no means immoderate.
The only question, then, for our determination, is a question of law, arising out of the action of the Court on the motion for a new trial.
It is argued that the judgment is illegal, and should be overruled, because it is not the sentence of the law pronounced by the Court, upon facts ascertained by the verdict of the jury, or in any other authorized mode; but upon an arbitrary determination of the facts by the Judge alone, in total disregard of the verdict. In other words, that the Judge, in usurpation of the province of the jury, assumed the power to assess the amount of damages in a case for which the law had provided no rule or measure of damages, other than the discretion of the jury. This, it is insisted, was in direct violation of *369 the fundamental principle which lies at the foundation of our system of jurisprudence; by which the judicial power, in controversies of this nature, is distributed between the judge and jury, the province of the former being the decision of questions of law; and of the latter the determination of matters of fact.
The objection involves the question, whether under our system, the Court possessed any control over the action of the jury, as regards the quantum of damages, in a case like the present.
It is not controverted, as we understand the argument, that in all cases of civil injury, or breach of contract, which involve no element of malice, fraud, wanton wrong, or negligence, or other matter of aggravation, the rule of damages is a question of law; in such cases a fixed legal rule or measure of compensation being prescribed; which entitles the injured party to damages commensurate with the loss sustained. In such cases it is admitted to be the province and duty of the Court to see that the rule of damages is properly applied by the jury in the given case. And if, in disregard of the rule, excessive damages be found by the jury, it is conceded that the Court may, as a matter of law, on a motion for a new trial, form a judgment as to the proper amount of damages, and that if there be a release of the damages to the proper measure, judgment may properly be rendered. An authority to this effect, in an action ex contractu, has been produced. 1 Howard’s Miss. R., 19. And in Sedgwick on Dam., (2 edition,) p. 603, it is said that this may be done in actions of tort, as well as on contracts. But the cases to which he refers in support of this assertion, have not' been produced; nor *370 has any case been produced where such a course has been sanctioned in an action of tort. And it is insisted that in cases founded on personal wrong, where the law has prescribed no fixed rule, and the measure of damages is a matter exclusively in the discretion of the jury, no such thing can be allowed; that in the latter class of cases, the Court cannot interfere, unless it be to set aside the verdict in toto, on the ground that the damages are either so grossly exorbitant, or inadequate, as to furnish intrinsic evidence that the verdict was probably the result of partiality, passion, corruption, or some improper motive or influence; but that it is not within the province of the Court, in such cases, to determine, or form a judgment as to the me asure of damages.
When it is admitted that the Court may set aside a verdict in an action of pure tort on the ground that the damages, in the opinion of the Judge, are excessive— and this position cannot be questioned — the question involved in this case, we think, is conceded.
The power of the Judge to set aside the verdict, on the ground that he considers the damages excessive, necessarily implies that it is his province, on the motion for a new trial, to form a judgment as to what, under all the circumstances of the case, would be reasonable damages; and if, upon the suggestion of the Court, the damages be voluntarily remitted to the amount indicated by the Court, we perceive no well founded objection to the practice of allowing judgment to be rendered for the residue of the damages. By this course the delay and expense of another trial is saved to the parties; and the defendant has no just cause of complaint, if indeed *371 the residue of the damages be not disproportioned to the nature of the injury, and be sufficiently supported by the proof.
The objection, that such- practice is a usurpation by the Court, of the province of the jury, is not, in our opinion, well founded; and perhaps does not lie in the mouth of the defendant. The facts of the case were properly submitted to, and passed upon by - the jury. The right of the plaintiff to recover damages, was fixed by the jury, not by the Court. The Judge merely expressed an opinion as to the reasonableness of the amount of the damages assessed by the jury, as of necessity he must do on the motion for a new trial, and thereupon ■ a release of two-thirds of the damages was executed by the plaintiff. This was no invasion of the province of the jury, or of the rights of the defendant. Though the judgment was for a smaller- amount of damages than found by the jury, still it was a judgment based upon the verdict, and not upon facts determined by the Court.
To deny the control of the Court over the action of the jury to the extent contended for, in the class of cases to which this belongs, would lead to great pracical abuses.
Judgment affirmed.